UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY LEE MILLER ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:05-1038 |
| ] | Judge Campbell |
| GLEN TURNER, WARDEN ] | |
|     Respondent. ] | |

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Glen Turner, Warden of the facility, seeking a writ of habeas corpus.

On May 12, 1998, a jury in Davidson County found the petitioner guilty of aggravated kidnaping. Docket Entry No. 9; Addendum No. 1 at pg. 41. For this crime, he received a sentence of sixteen (16) years in prison. Docket Entry No. 9; Addendum No. 1 at pg. 45. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 9; Addendum No. 5. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 9: Addendum No. 15.

In April, 2001, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 9; Addendum No. 8; Vol. No. 1 at pg. 3. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 9; Addendum No. 10. On appeal, the Tennessee Court of Criminal

1

Appeals affirmed the denial of post-conviction relief. Docket Entry No. 9; Addendum No. 13. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. Docket Entry No. 9; Addendum No. 7.

On December 13, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition consists of five primary claims for relief. These claims include:

(1) prosecutorial misconduct tainted the testimony of the victim (Dena Kay VanLeuvan);

(2) the petitioner was denied his right to a speedy trial;

(3) the trial judge erred when he failed to instruct the jury on the lesser included offense of kidnaping;

(4) trial counsel was ineffective because he
  a) failed to adequately confer with the petitioner;
  b) failed to adequately argue pre-trial motions to suppress and to dismiss;
  c) failed to file a Brady motion asking for the production of exculpatory evidence (the test results from a knife);
  d) neglected to properly investigate the case and interview potential defense witnesses;
  e) did not ask for a continuance after learning that a key defense witness (Alan Bratchee) would not be available to testify;
  f) failed to have the transcript of a witness' testimony and a transcript of petitioner's parole revocation hearing included in the record;
  g) neglected to include the denial of pre-trial motions as issues in a motion for new trial;
  h) did not inform the petitioner of his right to remain silent at trial and failed to properly prepare the petitioner before he took the witness stand;
  i) did not offer an audio recording of a relevant 911 call into evidence;
  j) neglected to request Jencks materials for prosecution witnesses;

> k) did not inform the petitioner that he would
> be ineligible for parole; and
> l) failed to object to references made to a knife
> that was never introduced into evidence;[1]

(5) the prosecution failed to disclose exculpatory evidence (knife) to the defense.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Answer (Docket Entry No. 8) to the petition and the petitioner's Reply to the Answer (Docket Entry No. 12). Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the

---

[1] At trial, the petitioner was represented by William Buford Bates, a member of the Davidson County Bar.

3

petitioner can establish that the error deprived him of a fundamentally fair trial. Porter v. Estelle, 709 F.2d 944, 957 (5th Cir. 1983), cert. denied sub nom, Porter v. McKaskle, 466 U.S. 984, 104 S.Ct. 2367, 80 L.Ed.2d 838 (1984).

The petitioner alleges that the trial judge erred when he failed to instruct the jury on the lesser included offense of kidnaping (Claim No. 3). The Constitution does not require a court to give a lesser included offense instruction in a non-capital case. Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir. 2001), *citing* Bagby v. Sowders, 894 F.2d 792, 795-97 (6th Cir. 1990)(en banc). Therefore, this claim does not implicate a federally recognized error sufficient to invoke the remedy of habeas corpus. Nor does it appear that this alleged error in any way deprived the petitioner of a fundamentally fair trial. Consequently, this claim has no merit.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).

The petitioner has alleged that the prosecution failed to disclose exculpatory evidence in violation of his constitutional rights (Claim No. 5). To properly satisfy the exhaustion requirement, this claim should have been fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). In his Reply to the Answer, the petitioner concedes that this claim was not raised as an issue in his Motion for a New Trial or on direct appeal. Because of this, he was forced during post-conviction "to raise the issue under the ineffectiveness of counsel". Docket Entry No. 12 at pg. 13. Thus, the petitioner has acknowledged that the failure to disclose exculpatory evidence was never considered by the state courts as an independent claim for relief. *See* Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982)(a difference in legal theory between that urged in the state courts and in a petition for writ of habeas corpus will preclude a finding of exhaustion).

Unfortunately, at this late date, it appears that state court remedies for this claim are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review). Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977);

5

Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

The petitioner has suggested that the failure to properly exhaust this claim in the state courts is attributable, at least in part, to the ineffectiveness of counsel. Cause for a procedural default can be established by showing that counsel was ineffective for failing to raise a claim on appeal. Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000). However, to constitute cause, counsel's ineffectiveness in this regard must be litigated as an independent claim subject to the requirement of exhaustion. Burroughs v. Makowski, 411 F.3d 665, 668 (6th Cir. 2004). The record shows that the petitioner has never asserted in the state courts that his attorney was ineffective for failing to appeal this issue. Therefore, he has failed to demonstrate cause and prejudice sufficient to excuse the procedural default of this claim.

Two of petitioner's remaining claims, i.e., prosecutorial misconduct that resulted in tainted testimony from the victim (Claim No. 1) and the denial of a speedy trial (Claim No. 2) were fully exhausted in the state courts on direct appeal and were found to be lacking in merit. *See* Docket Entry No. 9; Addendum No. 5. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal

6

principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner was on parole at the time of his arrest. Prior to trial, he attended a parole revocation hearing. The victim, with some assistance from an Assistant District Attorney General, testified at the revocation hearing against the petitioner. The petitioner unsuccessfully sought to suppress the victim's trial testimony by arguing that her version of events had been tainted by the prosecutor at the revocation hearing and that this tainted testimony would carry over to the trial (Claim No. 1).

In addressing this issue, the state appellate court stated the following :

> When we view the evidence in the light most favorable to the prosecution, nothing in the record suggests improper actions by General Reguli. The victim testified at the hearing and at trial that the testimony she was giving was her own. It is obvious from reading the victim's trial testimony as a whole, that General Reguli had prepared the victim to testify but had not told her what to say. The defendant was allowed to use excerpts from the hearing testimony to impeach the victim at trial and to explore the extent of General Reguli's influence on the victim's testimony. In addition, the defendant did not ask the court to cure any perceived problems with the victim's testimony at trial. The defendant did not show the trial court and has not shown us on appeal how this perceived misconduct affected the outcome of the trial, and the defendant's case claiming innocence was a relatively weak one. The evidence does not preponderate against the trial court's denial of the motion to suppress the victim's testimony, and we affirm.

Docket Entry No. 9; Addendum No. 5 at pg. 15.

Having independently reviewed the record, it does not appear that the findings of the

7

state courts as related to this issue were either contrary to or an unreasonable application of federal law. Consequently, this claim will not support an award of habeas corpus relief.

The petitioner was arrested in August, 1995 but did not go to trial until May 11, 1998. Given this lapse in time, the petitioner alleges that he was denied a speedy trial (Claim No. 2). The Sixth Amendment guarantees a defendant the right to a speedy trial. To resolve an alleged violation of this right, the Court must weigh four factors which include (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) any prejudicial effect that the delay had on the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The state courts properly recognized and applied the Barker test in their analysis of this claim. It was found that the thirty three (33) month delay from the time of arrest until trial was sufficient to weigh in the petitioner's favor. The reasons for the delay, however, "were either agreed to by the defendant or were necessary for the fair and effective prosecution of the case".[2] The state courts found that "the defendant consented to continue the trial date numerous times and did not assert his right to a speedy trial until almost three years after his arrest. There was no evidence of bad faith on the State's part, and there were no extraordinary circumstances that would warrant a finding of a constitutional violation." Docket Entry No. 9; Addendum No. 5 at pg. 12. Moreover, the petitioner made no showing of prejudice arising from the delay in bringing him to trial. In light of this record, the Court can not say that the findings and conclusions of the

---

[2] Following his arrest and subsequent revocation of parole, the petitioner was taken into federal custody and incarcerated in Texas. The prosecution was forced to arrange for the petitioner's extradition and return to Tennessee. Upon his return, a conflict of interest led to a recusal of the trial judge.

8

state courts on this issue are contrary to federal law. Thus, this claim has no merit.

The final claim sets forth twelve (12) specific instances in which the petitioner was allegedly denied the effective assistance of counsel (Claim No. 4a - l). This issue was fully exhausted during the petitioner's post-conviction proceedings.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced so as to render the criminal proceeding unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner has asserted that counsel was ineffective for failing to file a Brady claim for the production of tests results on a knife (Claim No. 4c) and for failing to object to all references that were made to a knife that was never produced at trial (Claim No. 4l). From information gathered at the post-conviction evidentiary hearing, the state courts found that counsel did cross examine witnesses who mentioned the knife and established for the jury that the knife could not be located and would not be introduced against the petitioner. It was further noted that the victim had not been cut with a knife and that the petitioner had not been convicted of a crime involving a weapon. Docket Entry No. 9; Addendum No. 13 at pg. 7. Under these circumstances, it was properly determined that the petitioner had not been prejudiced by any perceived deficiencies counsel may have had regarding the knife.

9

At the post-conviction evidentiary hearing, counsel testified that he met with the petitioner approximately 10 to 15 times prior to trial. During these meetings, they discussed the prosecution's case against the petitioner, potential witnesses, what the petitioner could expect if he testified, trial strategy and the potential punishment that he would be facing if he was found guilty. The post-conviction court chose to accredit counsel's testimony over that of the petitioner. Docket Entry No.9; Addendum No. 10. Based upon the foregoing, it was determined that counsel had not been deficient by failing to adequately confer with his client (Claim No. 4a), that counsel had properly investigated the case and interviewed potential witnesses (Claim No. 4d), that counsel had recommended that the petitioner not testify but, once the petitioner insisted on doing so, took all necessary steps to prepare him (Claim No. 4h) and that counsel did inform the petitioner that, if found guilty, he could be classified as an habitual offender and would have to serve out his entire sentence (Claim No. 4k). With respect to the petitioner's remaining ineffective assistance claims (Claim Nos. 4b, e - g, i and j), the post-conviction court found that the petitioner had failed to show any prejudice arising from counsel's representation.

In considering petitioner's ineffective assistance claims, the state courts correctly recognized <u>Strickland</u> as the applicable standard of review. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims will not support an award of habeas corpus relief.

In the absence of an actionable claim, the Court finds that the petitioner's application for habeas corpus relief has no merit. Accordingly, this action will be dismissed.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge

Case 3:05-cv-01038   Document 13   Filed 04/07/06   Page 11 of 11 PageID #: 1167